UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SIDNEY REID[1]<br><br>Defendant. | Case: 1:25-mj-00123 (MJS) |

### MEMORANDUM OF LAW IN SUPPORT DEFENDANT

Ms. Sidney Reid, through undersigned counsel, respectfully submits this Memorandum to aid the Court's assessment as to the legal standard for an offense under 18 U.S.C. § 111(a)(1).

### DISCUSSION

To constitute a violation of 18 U.S.C. § 111(a), the government must show both criminal conduct and defendant's mental state accompanying that conduct falling within the described offense. *See United States v. Apfelbaum*, 445 U.S. 115, 131 (1980) ("[B]oth a culpable *mens rea* and a criminal *actus reus* are generally required for an offense to occur."). The conduct and the mental state are intertwined because "courts interpret criminal statutes to require that a defendant possess a *mens rea*, or guilty mind, as to every element of an offense." *Torres v. Lynch*, 578 U.S. 452, 467 (2016) (citing *Elonis v. United States*, 575 U.S. 723, 735-736 (2015)). When it comes to 18 U.S.C. § 111(a), that statutorily required mental state is general intent, or voluntariness. *See United States v. Taylor*, 848 F.3d 476, 494 n.7 (1st Cir. 2017) (18 U.S.C. § 111 requires "an intentional act, not merely a reckless or accidental one."); *see also United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("[D]efendant must have . . . the 'intent to do the acts' specified in

---

[1] Undersigned counsel has informed the government that Ms. Reid's name has been incorrectly spelled on the charging documents. Counsel uses the correct spelling.

1

[18 U.S.C. § 111(a).]"). This complements the distinct element of "forcibly," which both applies and modifies each of the prohibited acts in § 111(a)(1). *See Arrington*, 309 F.3d 40, 44.

First, as to *actus reus*, disobeying the commands of an officer and resisting arrest is on its own insufficient to satisfy § 111(a), even if there is physical contact between officers and the defendant. In *United States v. Davis*, 690 F.2d 127 (2d Cir. 2012), the Second Circuit overturned a conviction for misdemeanor simple assault under 18 U.S.C. § 111(a) on the basis that merely struggling with officers is on its own insufficient to constitute a forcible violation of the statute. In *Davis*, the defendant fled from Drug Enforcement Administration agents and ignored their commands to stop, culminating in the agents successfully tackling the defendant to the ground—a fall during which an agent sustained injuries—after which the defendant was "struggl[ing] against being handcuffed" and "fighting" by placing his hands under his body. *Id.* at 137. The Second Circuit held that this conduct was insufficient to satisfy § 111(a)(1) because the defendant, rather than "striking blows" was merely "passively resisting being handcuffed." *Id.* Resistance on its own, even with contact with the officers, the court held, is not sufficient to amount to a violation of 18 U.S.C. § 111(a).

The Fourth Circuit has echoed this distinction. That court, highlighting the "statute's crucial adverb" of "forcibly," has similarly described that "passive resistance" is insufficient under § 111(a) and instead required "active, forcible actions" for conduct to fall within the ambit of the statute. *See United States v. Briley*, 770 F.3d 267, 275 (4th Cir. 2014) ("Facts of the more passive kind fall much closer to the nonforcible borderline."). These "active, forcible actions" include repeated strikes to an officer's arms, side, and lower back that led to sustained lower-back problems and repeated kicks to another officer in the abdomen that led to the loss of that officer's gallbladder followed by dragging the latter officer across the ground. *See id.* at 270.

2

Second, § 111(a) requires that the charged conduct derive from an intent to injure the federal officer. This requirement complements the law on passive resistance, insofar as passive resistance does not evince an intent to assault or injure the officer. The *Davis* court held that the conviction had to be overturned because there was "no evidence that [the defendant] engaged in any conduct whatsoever that demonstrated a desire to injure an agent . . . ." *Davis*, 690 F.2d at 137. The link between the mental state and criminal conduct is reflected in the court's rejection of the relevance of the injuries sustained by the agent in their fall. Those injures "resulted from a fall during the chase and not from any aggressions by [the defendant.]" *Id.* Where intent is lacking, injuries or contact with federal officers is outside the scope of 18 U.S.C. § 111(a). As the Second Circuit's rejection of the injuries sustained by the agent in falling while tackling the defendant indicates, an agent's injuries or contact with a defendant on its own is insufficient; the government must establish intent to injure the officer with respect to that alleged injury or contact.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER
        _____/s/_____
        Tezira Abe
        Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C. 20004
        (202) 208-7500