UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 25-MJ-123 |
| | : | |
| SYDNEY LORI REID, | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF ADDITIONAL LEGAL AUTHORITY

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this notice of additional legal authority in response to the Court's request for caselaw on the meaning of "forcibly" as stated in 18 U.S.C. § 111(a).

The United States Court of Appeals for the District of Columbia Circuit has made clear that "forcibly" modifies all of the component acts of assaulting, resisting, opposing, impeding, intimidating, or interfering. *See United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("Finally, as we indicated in *United States v. Heid*, 904 F.2d 69, 71 (D.C.Cir.1990), the adverb 'forcibly' in the first element of the offense modifies each of the prohibited acts specified in the second element: that is, a defendant does not violate the statute unless he *forcibly* assaults or *forcibly* resists or *forcibly* opposes, etc.") (emphasis in original).

Because the requirement of force has been present in previous versions of 18 U.S.C. § 111, older cases should provide meaningful guidance on the meaning of that term. Cases with relevant language include the following:

- ***United States v. Cunningham*, 509 F.2d 961, 963–64 (D.C. Cir. 1975)**, which stated the following in affirming the defendant's conviction under 18 U.S.C. § 111 (1970):

    > A more substantial question is that raised, and we believe, correctly answered, in the Government's brief, namely, whether appellant's conduct at the line-up constituted the kind of forcible assault, resistance, or interference that the statute makes punishable. It is

clear that not all failures to cooperate with federal agents are within the statute's prohibition, and that some measure of presently applied force is required. Threats of the future use of force are not enough, [citation omitted], nor is mere deception of a federal agent, [citation omitted], nor, presumably, would be the mere refusal to unlock a door through which federal agents sought entrance. [citation omitted]

Whether a person has opposed the efforts of federal agents with sufficient force to engage the statute can thus be a troublesome question of degree. It does not seem at all a troubling one in this case, however. Appellant appears to have resisted with all the force at his command, enough to require the help of half a dozen officers to overcome and enough to delay the line-up considerably. The combination of his thrashing, kicking, biting, and attempting to exhort others to violence make him a substantially more 'forcible' resistor than those whose convictions under the statute have been upheld in a number of other cases. *See United States v. Frizzi*, 491 F.2d 1231 (1st Cir. 1974) (spitting on federal marshal held 'forcible' assault) (alternative holding); *United States v. Bamberger*, 452 F.2d 696 (2d Cir. 1971), *cert. denied*, 405 U.S. 1043, 92 S.Ct. 1326, 31 L.Ed.2d 585 (1972) (physical restraining of prison guard and removal of keys from his pocket held 'forcible' interference); *United States v. Goodwin*, 440 F.2d 1152 (3d Cir. 1971) (kicking and flailing while being dragged from car by federal officers held 'forcible' resistance); *Carter v. United States*, 231 F.2d 232 (5th Cir.), *cert. denied*, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956) (accelerating car while federal officer was attempting to enter and search it held 'forcible' resistance). *Cf. United States v. Johnson*, 462 F.2d 423 (3d Cir. 1972), *cert. denied*, 410 U.S. 937, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1973).

- **United States v. Goodwin, 440 F.2d 1152, 1154 (3d Cir. 1971)**. In this case, the defendant "began twisting and turning to avoid being searched and handcuffed" as an agent pulled him from his vehicle. *Id.* A second agent then "approached to lend assistance, but the defendant would not be subdued" and "spun around, pushed one of the agents away, and shouted to a gathering crowd, 'Black Brothers, help me. Don't let these white men take me back to South Carolina.'" *Id.* After a large group of youths got close to agents, one of the agents drew a service weapon and identified himself, but the defendant continued to struggle and shouted that others should not believe the agents were actually agents. *Id.* The agents were only able to complete handcuffing the defendant once other law enforcement members arrived. *Id.* On appeal, the defendant argued "that his refusal to submit meekly to the agents does not of itself

prove that he acted 'forcibly' within the meaning of the statute." *Id.* The court affirmed the trial court's denial of a judgment of acquittal and reasoned as follows:

> We are satisfied that, when defendant pushed and struggled with the agents and attempted to break away from their grasp, he was guilty of forcible assault and resistance, even though those words require more than mere passive resistance. We also think that, under the circumstances, defendant's attempts to incite an already menacing crowd placed the agents in fear of danger and would justify a finding of forcible intimidation. While the remaining words in the statute—'opposes,' 'impedes,' and 'interferes'—appear to have been intended primarily to apply to acts by third persons who are not involved in resisting their own arrest, we believe there was sufficient evidence to justify a jury in finding that defendant forcibly committed each of those three acts against the agents making the arrest.

*Id.* (citing Note, 'Types of Activity Encompassed by the Offense of Obstructing a Public Officer,' 108 U.Pa.L.Rev. 388 (1960)).

- ***United States v. LaRoche*, 83 F.4th 682, 687, 689 (8th Cir. 2023)**, *cert. denied*, **144 S. Ct. 858**. The court affirmed the conviction for 18 U.S.C. § 111(a)(1) where the defendant fled from an officer, emerged from behind a blanket and ran directly into the officer, knocking the officer into a wall and table. *Id.* at 689.

- ***United States v. Phillips*, 2022 WL 327721, at \*1 (5th Cir. Feb. 3, 2022)**. The defendant conceded that he had failed to follow commands to exit his vehicle but contended "that he did so passively." *Id.* The court affirmed his conviction and stated, "The trial evidence showed that the two officers had to forcibly remove Phillips from the vehicle. It also showed that Phillips struggled against the officers and tried to pull his body back into the vehicle. . . . [T]here was substantial evidence to support the district court's conclusion beyond a reasonable doubt that Phillips intended to and did use force to resist the two officers involved here." (citing other sources).

- ***United States v. Leggett*, 813 F. App'x 920, 921 (4th Cir. 2020)**, in which the court affirmed the defendant's conviction under 18 USC § 111(a)(1) and wrote as follows:

> The evidence adduced at trial established that Leggett approached a military base security checkpoint, failed to produce identification, and then ran from federal officers. After trying to climb a barbed wire fence, Leggett fell to the ground, at which point two officers jumped on top of him. Leggett then began to thrash around, attempting to stand up while keeping his hands tucked into his jacket. According to one of the officers, the three men were wrestling on the ground and, although Leggett did not strike, push, or kick the officers, he made contact with them as he tried to regain

> his feet. Eventually, Leggett ceased resisting and allowed the officers to handcuff him. . . . Next, we reject Leggett's central contention that his resistance was passive and nonforcible. Even assuming that Leggett did not intend to direct force against the officers, the evidence nevertheless established that Leggett exerted force in attempting to evade arrest, both as he thrashed on the ground and as he tried to stand up.

Additionally, government counsel told the Court it would locate the citation for the case it referenced during oral argument on August 15, 2025 differentiating between misdemeanor and felony violations of the statute. That case was *United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016) ("A misdemeanor violation of § 111(a) occurs when a defendant forcibly commits '*any* of the prohibited actions listed in § 111(a)(1) and § 111(a)(2), while 'all other cases' covers the commission of these same violations *plus* the intent to commit a felony or resulting physical contact from forcible (and thus intentional) action.'") (emphasis in original) (quoting *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009)).

Finally, another resource that may aid the Court is the treatise providing the standard jury instruction and annotations for 18 U.S.C. § 111. *See* 2 Fed. Jury Prac. & Instr. § 24:08 (6th ed.) ("The term 'forcibly assaults' means any deliberate and intentional attempt or threat to inflict physical injury upon another with force or strength when that attempt or threat is coupled with an

apparent present ability to do so. Although a 'forcible assault' may be committed by a defendant without actually touching, striking, or doing bodily harm to another, the government must prove that the actions of Defendant *[name]* were of such a nature to put the person against whom they are directed in fear of immediate bodily harm.").

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:     /s/ *Joseph Dernbach*
Joseph Dernbach
Special Assistant United States Attorney
D.C. Bar No. 1740516
601 D St, NW
Washington, D.C. 20530
Joseph.Dernbach@usdoj.gov
(202) 834-4815