UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               v.<br><br>SIDNEY REID[1]<br><br>    Defendant. | Case: 1:25-mj-00123 (MJS) |

**SUPPLEMENT TO MEMORANDUM OF LAW IN SUPPORT DEFENDANT**

Ms. Sidney Reid, through undersigned counsel, respectfully submits this supplement to aid the Court's determination regarding the meaning of the word "forcibly" as it is used in 18 U.S.C. § 111(a)(1).

## DISCUSSION

To prove a violation of 18 U.S.C. § 111(a) in this case, the government must show that Ms. Reid, forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the relevant officer(s) at issue. If someone is guilty of § 111(a), "where the acts in violation of th[e] section constitute only simple assault," the maximum term of imprisonment is one year. 18 U.S.C. § 111(a). "[A]nd where such acts involve physical contact with the victim of that assault or the intent to commit another felony," the maximum time of imprisonment is eight years. *Id.* There are therefore, three categories of violations under § 111(a):

> (1) acts in violation of the statute that constitute only simply assault (the simple-assault provision); (2) acts in violation of the statute th[at] involve physical contact with the victim of that assault (the physical-contact provision); and (3) acts in violation of the statute that involve . . . the intent to commit another felony (the other-felony provision).

*United States v. Cua*, 657 F. Supp. 3d 106, 113 (D.D.C. 2023) (quotation marks omitted).

---

[1] Undersigned counsel has informed the government that Ms. Reid's name has been incorrectly spelled on the charging documents. Counsel uses the correct spelling.

1

The court in *United States v. Cua* further explained, "the simple-assault provision applies to an act that constitutes only an intentional attempt or threat to inflict injury upon someone else, when coupled with apparent present ability to do so, that places another in reasonable apprehension of immediate bodily harm," and the "physical-contact provision applies if 'that assault' involves physical contact with the victim." 657 F. Supp. 3d at 113 (quotation marks omitted). And finally, the court concluded that the other-felony provision can be violated "by, for example, forcibly interfering with a designated person who is engaged in the performance of her official duties, if 'such' interference involves 'the intent to commit another felony.'" *Id.* at 113–14.

The D.C. Circuit has not squarely addressed the question of what constitutes forcible conduct under the § 111. But the defense provides the following additional cases to assist the Court in determining whether probable cause exists here.

In *Cua*, the court explained that determining whether a defendant has violated § 111(a) thus involves two steps. First, it must be determined "whether the defendant committed one of the forbidden acts—that is forcibly, assaulting, resisting, opposing, impeding, intimidating, or interfering with a designated person." *Cua*, 657 F. Supp. 3d at 115. Then it must be determined whether "that act" (1) involved a simple assault, (2) assaultive, physical contact, or (3) intent to commit another felony. *Id.* Thus, if there is no assault, the forcible act must be accompanied with intent to commit another felony to be violative of § 111(a). The court in *United States v. Warnagiris*, built on the reasoning in *Cua* by observing that "[p]assive resistance, even when coupled with the intent to commit another felony would not be prohibited under the plain terms of Section 111(a)'s introductory clause." 699 F. Supp. 3d 31, 49 (D.D.C. 2023).

2

These cases along with those cited in the defense's memorandum of law, ECF 10, show Ms. Reid did not act forcibly and the government has failed to establish probable cause.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
TEZIRA ABE
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500